**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

SHEILA FAHEY, individually and on behalf of a class of similarly situated individuals,,

Plaintiff,

v.

CAREER EDUCATION CORPORATION, a Delaware corporation,,

Defendant.

Case No.:

Judge

Magistrate Judge

**DEFENDANT CAREER EDUCATION CORPORATION'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant Career Education Corporation (hereafter "Career Education") hereby removes this case from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. As set forth more fully below, this action is properly removable because the underlying complaint asserts a claim arising under a federal statute, specifically the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## I. INTRODUCTION

Plaintiff, Sheila Fahey, filed this putative class action complaint against Career Education in the Circuit Court of Cook County, Illinois on August 4, 2010. Plaintiff's complaint asserts a single count alleging a violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii). Specifically, Plaintiff states:

> Defendant made unsolicited commercial text calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

(Complaint at ¶23).

The Seventh Circuit recognized in *Brill v. Countrywide Home Loans*, 427 F.3d 446 (7th Cir. 2005), that removal to federal court is permissible under precisely these circumstances pursuant to 28 U.S.C. § 1441. In *Brill*, the Plaintiff brought a putative class action in the Circuit Court of Cook County alleging Defendant's improper distribution of unauthorized faxes. The Defendant removed to the Northern District of Illinois, but the district court remanded the matter to state court. The Seventh Circuit reversed the district court's remand order, however, stating: "[R]emoval is authorized not only by the Class Action Fairness Act but also by §1441, because the claim arises under federal law." Id. at 451. See also *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2006 WL 1132386 (N.D. Ill. April 19, 2006) (Kocoras, J.) (denying a motion to remand a TCPA class action removed based on federal question jurisdiction); *Abbas v. Selling Source, LLC*, 2009 WL 4884471 (N.D. Ill. December 14, 2009).

Here, the facts and the basis for removal under § 1441 are even stronger than under either *Brill* or *G.M. Sign*. Within weeks of filing the Fahey complaint in Illinois state court, Plaintiff's counsel has filed an identical class action in federal court alleging that, under the same facts, Career Education has violated the TCPA. In its identical federal complaint, as plaintiff's counsel had done in the Illinois state court action, plaintiff asserts a single count for violations of the TCPA, 47 U.S.C. § 227. That federal case, *Rojas v. Career Education Corporation*, No. 10 CV 05260, is currently pending before Judge George M. Marovich. (A copy of this complaint is attached as Exhibit A.) Thus, in contrast to the plaintiffs in *Brill* or *G.M. Sign*, here plaintiff's counsel has actually conceded that federal jurisdiction is appropriate for claims arising under the TCPA.

Career Education received service of the *Fahey* complaint on August 6, 2010. This motion for removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

## II. STATE COURT FILE

In accordance with 28 U.S.C. § 1446(a) copies of all of the papers and pleadings served upon Career Education are attached hereto as Exhibit B.

## III. NOTICE HAS BEEN GIVEN

Pursuant to 28 U.S.C. § 1446(d), Career Education is today serving this notice of removal on plaintiff. Career Education is also filing a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois.

## IV. CONCLUSION

WHEREFORE, Defendant Career Education Corporation respectfully prays that the above action be removed from the state court in which it was filed to the United States District Court for the Northern District of Illinois, and prays further that this Honorable Court issue all necessary orders and grant such other relief that Career Education may be entitled to receive by law or rule of this Court.

Date: September 3, 2010

**CAREER EDUCATION CORPORATION**

By: s/ Christopher B. Wilson
One of its Attorneys

Christopher B. Wilson, ARDC # 06202139
Perkins Coie LLP
131 S. Dearborn, Suite 1700
Chicago, IL 60603
Tel: (312) 324-8400
Fax: (312) 324-9400

**CERTIFICATE OF SERVICE**

I, Christopher B. Wilson, certify that on September 3, 2010, I caused the foregoing **DEFENDANT CAREER EDUCATION CORPORATION'S NOTICE OF REMOVAL** served via telecopier and United States Postal Service first class mail [postage prepaid] on the counsel of record listed below:

Michael J. McMorrow
Rafey S. Balabanian
EDELSON McGUIRE, LLC
350 North LaSalle Street
Chicago, IL 60654
***Telecopier: 312.589.6378***

s/ Christopher B. Wilson
One of the attorneys for Defendant
Career Education Corporation

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SERGIO ROJAS, individually and on behalf of a class of similarly situated individuals, | ) | |
| *Plaintiff*, | ) | No. |
| v. | ) | Judge: |
| CAREER EDUCATION CORPORATION, a Delaware Corporation. | ) | |
| *Defendant*. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Sergio Rojas brings this class action complaint against Defendant Career Education Corporation ("CEC") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE CASE**

1. In an effort to promote its education services, Defendant, an operator of numerous for-profit colleges and other postsecondary schools, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but

also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiff seeks an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Sergio Rojas is a citizen of Illinois.

6. Defendant CEC is an operator of for-profit secondary and vocational schools such as the International Academy of Design and Technology. It is a Delaware corporation with its principal place of business in Illinois. It does business throughout the United States, including in Illinois and in this judicial district.

**JURISDICTION AND VENUE**

7. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d) because: (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

8. The Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

9. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events concerning the wireless spam at issue occurred in this district.

**CONDUCT COMPLAINED OF**

10. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

12. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13. Unlike more conventional advertisements, SMS calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

14. Beginning in 2008 and continuing for weeks if not months thereafter, Defendant and its agents caused mass transmissions of wireless spam to the cell phones of what they hoped were potential customers of Defendant's education services.

15. For instance, on or about August 27, 2008, Plaintiff's cell phone rang, indicating that a text call was being received.

16. The "from" field of the transmission was identified cryptically as "21021," which is an abbreviated telephone number known as an SMS short code operated by Defendant's agents. The body of such text message read:

> IMAGINE HAVING A JOB U LUV! CREATIVES DO SO CAN U. REPLY WITH "Y" TO LEARN MORE ABOUT THE ACADEMY. BY CEC. STD/OTHER CHARGES MAY APPLY. STOP 2 END.

17. Defendant's and its agents' use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

18. At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam text messages from Defendant.

**CLASS ALLEGATIONS**

19. Plaintiff brings this action on behalf of himself and a class (the "Class") defined as follows: All persons in the United States and its territories who received one or more unauthorized text message advertisements on behalf of CEC; provided, however, that all persons who have obtained a settlement or payment from CEC in satisfaction of claims arising from the receipt of unauthorized text messages are excluded from this proposed Class.

20. Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

21. Common questions of law and fact exist as to all members of the Class and such questions predominate over questions affecting Plaintiff or individual members. Common questions for the Class include:

(a) Does the wireless spam Defendant distributed violate the TCPA?

(b) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

(c) Did the conduct described above violate the Class's right to privacy?

22. Plaintiff will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the Class, and he has retained counsel competent and experienced in similar class action litigation.

23. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective Class is impracticable, and (b) many members of the Class cannot vindicate their rights by individual lawsuits because their damages are small relative to the burden and expense of litigating individual actions.

**COUNT I**
**(Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)**

24. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

25. Defendant made unsolicited commercial text calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

26. These text calls were made *en masse* through the use of a short code without the prior express consent of Plaintiff and the Class.

27. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

As a result of Defendant's illegal conduct, the members of the Class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

28. Defendant's misconduct was willful and knowing, and the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and members of the Class.

WHEREFORE, Plaintiff Rojas, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual and statutory damages;
3. An award of reasonable attorneys' fees and costs; and
4. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

August 20, 2010

Sergio Rojas, individually and on behalf of a class of similarly situated individuals

/s/ Michael J. McMorrow
One of his attorneys

Michael J. McMorrow
Rafey Balabanian
EDELSON MCGUIRE, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Tel.: (312) 589-6470
Fax: (312) 589-6378

# EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

SHEILA FAHEY, individually and on behalf of a class of similarly situated individuals,

*Plaintiff*,

v.

CAREER EDUCATION CORPORATION, a Delaware corporation,

*Defendant*.

No. 10 CH 33686

**Jury Trial Demanded**

2011 AUG -4 P 3:5

**CLASS ACTION COMPLAINT**

Plaintiff Sheila Fahey brings this class action complaint against Defendant Career Education Corporation ("CEC") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE CASE**

1. In an effort to promote its education services, Defendant, an operator of numerous for-profit colleges and other postsecondary schools, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but

also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff is a citizen of Illinois.

6. Defendant CEC is an operator of for-profit secondary and vocational schools such as the International Academy of Design and Technology. It is a Delaware corporation with its principal place of business in Illinois. It does business throughout the United States, including in Illinois and in this county.

**VENUE**

7. Venue is proper in Cook County because Defendant does business in Cook County and/or because the cause of action arose here.

**CONDUCT COMPLAINED OF**

8. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

9. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

10. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

11. Unlike more conventional advertisements, SMS calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

12. Beginning in 2008 and continuing for weeks if not months thereafter, Defendant and its agents caused mass transmissions of wireless spam to the cell phones of what it hoped were potential customers of its postsecondary education services.

13. For instance, on or about August 27, 2008, Plaintiff's cell phone rang, indicating that a text call was being received.

14. The "from" field of the transmission was identified cryptically as "21021," which is an abbreviated telephone number known as an SMS short code operated by Defendant's agents. The body of such text message read:

> IMAGINE HAVING A JOB U LUV! CREATIVES DO SO CAN U.
> REPLY WITH "Y" TO LEARN MORE ABOUT THE ACADEMY.
> BY CEC. STD/OTHER CHARGES MAY APPLY. STOP 2 END.

15. Defendant's and its agents' use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

16. At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam text messages from Defendant.

**CLASS ALLEGATIONS.**

17. Plaintiff brings this action on behalf of herself and a class (the "Class") defined as follows: the Plaintiff and all persons in the United States and its territories who received one or more unauthorized text message advertisements on behalf of CEC.

18. Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

19. Common questions of law and fact exist as to all members of the Class and such questions predominate over questions affecting Plaintiff or individual members. Common questions for the Class include:

(a) Does the wireless spam Defendant distributed violate the TCPA?

(b) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

(c) Did the conduct described above violate the Class's right to privacy?

20. Plaintiff will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the Class, and she has retained counsel competent and experienced in similar class action litigation.

21. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective Class is impracticable, and (b) many members of the Class cannot vindicate their

rights by individual lawsuits because their damages are small relative to the burden and expense of litigating individual actions.

**COUNT I**
**(Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)**

22. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

23. Defendant made unsolicited commercial text calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

24. These text calls were made *en masse* through the use of a short code without the prior express consent of the Plaintiff and the Class.

25. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

26. Defendant's misconduct was willful and knowing, and the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all wireless spam activities;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

August 4, 2010

Sheila Fahey, individually and on behalf of a class of similarly situated individuals

One of her attorneys

Michael J. McMorrow
Rafey S. Balabanian
EDELSON MCGUIRE, LLC
350 North LaSalle Street
Chicago, Illinois 60654
Tel.: (312) 589-6470
Fax: (312) 589-6378
Firm ID: 44146