**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| SHEILA FAHEY, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>CAREER EDUCATION CORPORATION, a Delaware corporation,<br><br>        Defendant. | Case No.   10 CV 05635<br><br>Judge James B. Zagel<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING
EXTENSION OF RESPONSE DATE**

Plaintiff, Sheila Fahey, respectfully moves the Court for reconsideration of its September 13, 2010, Order [Dkt No. 9] granting Defendant Career Education Corporation's ("CEC") Motion for Extension of Time to Answer or Present Other Defenses or Objections [Dkt No. 5]. In support thereof, Plaintiff states as follows:

1.      On August 5, 2010, in an attempt to moot this putative class action, CEC made an offer to settle the case on an individual basis, under which CEC would pay a modest amount to cover Plaintiff's individual damages and provide injunctive relief that Plaintiff seeks in her Complaint.[1]

2.      On August 19, 2010, Plaintiff accepted CEC's offer of settlement.[2]

3.      Despite Plaintiff's acceptance, CEC has refused to honor the Parties' agreement.

4.      It now appears that CEC's offer was illusory—CEC made the offer without ever intending to actually honor the agreement.  Instead, just as CEC's now-terminated counsel has done in other class actions, including one recently before the Court (*See Damasco v. Clearwire*

---

[1] *See* Declaration of Michael McMorrow, ¶ 2 (Attached as Exhibit A).
[2] *See* Declaration of Michael McMorrow, ¶ 3.

*Corporation*, No. 10-CV-3063), CEC made an offer that it fully expected Plaintiff to reject.

5.      As this Court is well aware, had Plaintiff rejected the offer, CEC would have moved to dismiss this case on the grounds that its offer rendered Plaintiff's claims moot.

6.      Much to CEC's consternation, however, Plaintiff did what CEC never expected, and accepted the settlement offer.  By accepting the offer, Plaintiff has exposed the gamesmanship of CEC and its counsel.[3]

7.      Despite Plaintiff's acceptance, CEC instead pretends that its offer never happened, first by removing the case to federal court and then by seeking to extend the time in which to respond to the Complaint.[4]

8.      CEC's actions raise serious concerns that should not go unaddressed.  Indeed, CEC was attempting to cynically manipulate the judicial system to deprive thousands of injured consumers from rightfully seeking relief through the class action mechanism, only to then renege once its bluff was called.

---

[3]      Following the acceptance of CEC's offer, which purportedly applied to up to 10 of Plaintiff counsels' then-existing clients, Plaintiffs' counsel, on behalf of a new representative who was not a client at the time of the offer, filed a new class action against the Defendant alleging similar claims.  Following the filing of the new lawsuit, CEC (or Murphy) terminated attorney Murphy's employment as counsel in this matter.

[4]      It is important to note that CEC's counsel makes no mention of the settlement offer, or Plaintiff's acceptance, in seeking an extension of time.  Moreover, CEC creates the false impression that Plaintiff provided no justification for refusing to consent to CEC's sought after extension.  That is simply inaccurate.  *See* Declaration of Jay Edelson, ¶¶ 3-4 (Attached as Exhibit B)

WHEREFORE, Plaintiff respectfully prays that the Court reconsider its prior ruling and order such appropriate relief as it deems fit.

Dated: September 16, 2010

Respectfully submitted,

**SHEILA FAHEY**

 /s/ Michael J. McMorrow
One of her attorneys

Michael J. McMorrow
Ryan D. Andrews
EDELSON MCGUIRE, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Tel.: (312) 589-6470
Fax: (312) 589-6378

## CERTIFICATE OF SERVICE

I, Michael McMorrow, an attorney, hereby certify that on September 16, 2010, I served the above and foregoing ***Plaintiff's Motion to Reconsider the Court's Order Granting Extension of Response Date***, by causing true and accurate copies of such paper to be filed and transmitted to the persons shown below via the Court's CM/ECF electronic filing system and via electronic mail, on this the 16th day of September, 2010.

Christopher B. Wilson
Perkins Coie LLC
131 S. Dearborn
Suite 1700
Chicago, IL 60603-5559
(312) 263-5601
Email: cwilson@perkinscoie.com


/s/ Michael McMorrow
