IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHEILA FAHEY, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CAREER EDUCATION CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.: 10 CV 05635<br><br>Judge James B. Zagel<br><br>Magistrate Judge Young B. Kim |

## DECLARATION OF JAY EDELSON

I, JAY EDELSON, hereby aver, pursuant to 28 U.S.C. § 1746, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18, and a resident of the State of Illinois. I am the managing partner of Edelson McGuire, LLC, representing the Plaintiff in this matter. I am fully competent to make this Declaration, and make such Declaration in support of Plaintiff's Motion to Reconsider the Court's Order Granting Extension of Response Date in the present matter.

2. On Friday, September 10, 2010, Chris Wilson, Esq. of Perkins Coie called me to ask for my agreement on an extension of time to respond to the Complaint in this case.

3. I told Mr. Wilson that, although I routinely do not oppose motions to extend, because of the conduct in this case we would oppose any extension motion in this case.

4. I had previously explained—three days earlier—that CEC had improperly made an illusory settlement offer designed to moot Plaintiff's class claims. A copy of that email along with Mr. Wilson's response is attached as Exhibit A.

2

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 16, 2010.

                                                  By: /s/ Jay Edelson
                                                       One of the attorneys for Plaintiff
                                                       SHEILA FAHEY

# Exhibit A

From: **Wilson, Christopher B. (Perkins Coie)** <CWilson@perkinscoie.com>
Date: Wed, Sep 8, 2010 at 11:05 AM
Subject: RE: Fahey v CEC
To: "Jay Edelson, Esq." <jedelson@edelson.com>
Cc: Rafey Balabanian <rbalabanian@edelson.com>, "Michael J. McMorrow, Esq." <mjmcmorrow@edelson.com>, Myles McGuire <mmcguire@edelson.com>

Jay, it was good talking with you yesterday. I have had a chance to discuss this matter in more detail with Career Education. Enclosed is a revised proposed injunction for your review. As you can see, I have limited the scope of the injunction to the four individuals who were clients of your firm at the time of the filing of the *Fahey* lawsuit.

Prior to the resolution of this case, including the payment of any settlement amounts and the entry of any injunction, we will also need to receive from your clients' reasonable proof of their receipt of such messages along with other relevant background information such as their mobile telephone number and a declaration that they did not consent to the receipt of such text messages.

Please call me to discuss any of this in more detail.

Finally, I am very concerned by your allegation that either Career Education or its prior counsel engaged in any conduct that could be considered sanctionable for any reason. I am available at your convenience to discuss those concerns and what you believe to be the basis for that statement. I can assure you that I am not aware of any basis, however, for such an accusation.

Thanks again,

Chris

---

**From:** Jay Edelson, Esq. [mailto:jedelson@edelson.com]
**Sent:** Tuesday, September 07, 2010 11:25 AM
**To:** Wilson, Christopher B. (Perkins Coie)
**Cc:** Rafey Balabanian; Michael J. McMorrow, Esq.; Myles McGuire
**Subject:** Fahey v CEC

Chris:
Thanks for taking the time to speak with me today. To memorialize our conversation, I asked you if your client was willing to enter the proposed injunction as offered.
You indicated that you did not have authority to do so and that your client was not interested in an injunction that would apply to its practices generally (as opposed to with regard to our individual clients).

So that you have all of the facts, it is our belief that CEC's prior counsel has made a habit of making illusory individual offers in an attempt to moot class claims, without ever having any intent to actually honor the offers.
I have absolutely no doubt that neither you nor your firm was in any way involved in this practice and do not want you to unintentionally infer something to the contrary.

Nevertheless, we do take the actions of your client
and its previous counsel very seriously and believe that they both engaged in sanctionable conduct. We will be moving forward appropraitely.

All the best,

Jay

Jay Edelson
Edelson McGuire, LLC
312-589-6375
[www.edelson.com](www.edelson.com)

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

\* \* \* \* \* \* \* \* \*

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA FAHEY, individually and on behalf of a class of similarly situated individuals,,<br><br>Plaintiff,<br><br>v.<br><br>CAREER EDUCATION CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.: 10 CV 05635<br><br>Judge James B. Zagel<br><br>Magistrate Judge Young B. Kim |

## [PROPOSED] AGREED ORDER FOR PERMANENT INJUNCTION AND DISMISSAL

This matter coming before the Court on the agreed motion of the Parties for entry of a permanent injunction against Defendant Career Education Corporation ("Defendant" or "CEC"), as set forth herein, due and adequate notice having been given, and the Court having been duly advised in the premises, the Court hereby makes the following factual findings:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action.

2. Plaintiff, Sheila Fahey, has filed a complaint in this matter seeking damages under the Telephone Consumer Protection Act, 47 U.S.C.§ 227, *et seq.* (the "TCPA") and requesting injunctive relief. Plaintiff asserted a putative class action on behalf of herself and all others who received a text message from Defendant Career Education on or about August 27, 2008 ("the Claim Period").

3. Defendant CEC has reached an individual settlement with Plaintiff Fahey, pursuant to which this case will be dismissed.

4. Defendant CEC consents to the entry of this Agreed Order for Permanent Injunction without admitting whether grounds exist for the imposition of an injunction.

5. Defendant CEC consents to the entry of this Agreed Order of Permanent Injunction without further notice, and agrees that this Court shall retain jurisdiction over it for the purpose of implementing and enforcing this Agreed Order for Permanent Injunction.

6. Undersigned counsel for Plaintiff also concurrently represents the following individuals who assert that they have received text messages identical to the message received by Plaintiff: (i) Lashaye Kimbrough; (ii) Kathleen McLaughlin; and (iii) Joseph Ramirez.

7.  Plaintiff's counsel represents that as of August 5, 2010 these four individuals were the only clients of Edelson McGuire who received a text message from Defendant Career Education from August 4, 2006 to the present.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

(1)  Defendant CEC agrees to an injunction barring it from sending any future text messages using an automated telephone dialing system to the following individuals:
(i) Sheila Fahey; (ii) Lashaye Kimbrough; (iii) Kathleen McLaughlin; and (iv) Joseph Ramirez.

(2)  Defendant CEC is not prohibited from sending text messages by any means, including an automated telephone dialing system to any person identified in Paragraph 1, provided that such individual has given his or her prior consent to receive such messages.

(3)  The Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Agreed Order for Permanent Injunction.

**ENTERED:**

Dated: _____, _____

_____
Judge            Judge's No.

*Presented by:*

Michael J. McMorrow
mjmcmorrow@edelson.com
Edelson McGuire, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370

Christopher B. Wilson, ARDC # 06202139
cwilson@perkinscoie.com
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: 312.324.8400
Fax: 312.324.9400