**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| SHEILA FAHEY, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAREER EDUCATION CORPORATION, a Delaware corporation,<br><br>　　　　　　Defendant. | Case No.:　10 CV 05635<br><br>Judge James B. Zagel<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO STRIKE EVIDENTIARY HEARING AND TO QUASH SUBPOENAS**

Plaintiff, Sheila Fahey, by her attorneys, files this opposition to the Motion to Strike Evidentiary Hearing and to Quash Subpoenas ("Motion") filed by Defendant Career Education Corporation ("CEC"). CEC's Motion constitutes its latest attempt to avoid the question at hand: did Fahey's August 19 acceptance of CEC's purported settlement offer resolve this case? To use the Court's words—was there a "meeting of the minds on what precisely the injunction was or would be?" (*See* McMorrow Decl., Ex. A, at 5:7-13) CEC now wants to change that question.

　　　　CEC has purported to make several new offers to Plaintiff since the Court's September 30 hearing, and now complains that Plaintiff is not "satisfied with its victory" and refuses "to agree to the proposed injunctive relief." ((Motion ("Mot."), at 2-3). But CEC's belated attempts to resolve this case <u>now</u> do not affect whether a settlement was reached <u>on August 19</u>. They show that no settlement was reached, and nothing CEC has done since then suggests otherwise.

　　　　CEC's also argues that the subpoenas issued to CEC, and its current and former counsel, are improper. But CEC puts forward no legal argument for quashing those subpoenas on the only witnesses relevant to the question at hand, and its argument should be rejected.

## **DISCUSSION**

CEC mischaracterizes Plaintiff's settlement position, stating repeatedly that Plaintiffs "have refused any settlement of any kind," that "Plaintiff's counsel has refused to enter into any settlement" and that Plaintiff "now categorically refuses any settlement whatsoever." (Mot. at 1, 3) This simply is not true. What Plaintiff's counsel refused to accept was another attempt by CEC to back out of what it had already stated it would do. On Friday October 8, CEC's counsel stated that CEC was <u>now</u> willing to enter the injunction Plaintiff's counsel sent on August 19 (along with the acceptance letter) (*See* McMorrow Decl., ¶ 3); by the following Monday, October 11, counsel for CEC changed the terms it was offering to accept, stating that it "would amend your proposed injunction to strike Paragraph 1 [and] the portion of Paragraph 3 that refers to a pending motion for class certification." (*See* McMorrow Decl., Ex. B) Refusal to succumb to CEC's bait and switch is not a refusal to settle.

A timeline of the various offers, retractions and modifications made by CEC to Plaintiff in this case is informative. Beginning on August 5—the day after Plaintiff filed her Complaint—and continuing through this past Monday, CEC has made seven different statements as to what injunctive relief it was offering in this case, as follows:

- On August 5, CEC offered, in writing, that it would "agree to the injunctive relief sought by Plaintiff in the complaint, namely to 'cease all wireless spam activities' which Defendant understands to mean to cease the transmission of text messages to mobile subscribers who have not granted it permission to send text messages." (*See* McMorrow Decl., Ex. C) This is the offer that Plaintiff attempted to accept on August 19.

- On September 3, CEC's new counsel stated vaguely in a voice mail that he knew that earlier counsel was "working with you on a settlement on the *Fahey* case in state court, and I still think we're still interested in resolving that along the lines discussed." (*See* McMorrow Decl., ¶ 6)

- On September 7, in a phone call with Plaintiff's counsel, CEC's counsel stated that he did not have authority to enter the injunction as offered on

2

>August 19, and that CEC was not interested in an injunction that would apply to its practices generally. (*See* McMorrow Decl., ¶ 7; McMorrow Decl., Ex. D)
>
>- On September 8, in an email, CEC's counsel wrote with "a revised proposed injunction . . . [limiting] the scope of the injunction to the four individuals who were clients of your firm at the time of the filing of the Fahey lawsuit." The email also added additional preconditions of settlement. (*See* McMorrow Decl., Ex. D)
>
>- On September 30, in court, CEC's counsel stated that Plaintiff "sent us a class-wide injunction. We agreed to an injunction as to each individual, we would not contact them anymore, and we got hung up on that injunction and that's where things stand. We've sent them a revised injunction and we want to work that out." (*See* McMorrow Decl., Ex. A, at 4:12-21)
>
>- On October 8, in a telephone call, CEC stated that CEC was now willing to enter the injunction Plaintiff's counsel sent on August 19 (along with the acceptance letter). (*See* McMorrow Decl., ¶ 3)
>
>- The following Monday, October 11, 2010, counsel for CEC sent an email acknowledging his offer of Friday, but immediately changing the terms CEC is offering to accept, stating that it "would amend your proposed injunction to strike Paragraph 1 [and] the portion of Paragraph 3 that refers to a pending motion for class certification." (*See* McMorrow Decl., Ex. B)

As this timeline demonstrates, CEC serially changes its position on the injunctive relief to which it is willing to agree. Under the circumstances, Plaintiff can hardly be tarred with the label of "refusing settlement."

CEC's furtive attempts to agree on the scope of an injunction can no longer resolve this case. At the time CEC made its initial "settlement offer," no class certification motion was on file; there is now—Plaintiff filed a class certification motion on August 5, long before the case was removed. (*See* McMorrow Decl., Ex. E) Any settlement offers made by CEC at this point do not moot the Plaintiff's claims; the claims were either mooted by the original August 5 Letter or not at all. *See Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870 (7th Cir. 1978) (when "a motion for class certification has been pursued with reasonable diligence and is then pending

3

before the district court, a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages").

CEC advances no legal basis for quashing the trial subpoenas issued by Plaintiff. The first stated reason - that there "is no basis for an evidentiary hearing" because Plaintiff "categorically refuses to settle" (Mot. at 3) is both factually incorrect and legally insufficient. As discussed above, whether Plaintiff is currently willing to settle on the ever-shifting terms requested by CEC is not the question before the Court—the question is whether the case settled as of August 19, and CEC's latter-day efforts to settle do not answer that question. Furthermore, the Court <u>ordered</u> the evidentiary hearing. A court may quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." *Howard v. City of Chicago*, 03 C 8481, 2006 WL 2331096, at *3 (N.D. Ill. Aug. 10, 2006) (*citing* Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv)). The defendant's opinion that the hearing is unnecessary is not a sufficient basis.

CEC also asks the court to quash the subpoena issued to CEC's General Counsel, Jeffrey Ayers, on the basis that Mr. Ayers "was not involved in any way in the . . . decision to propose a settlement to resolve this case." (Mot. at 3). This argument is disingenuous; Plaintiff informed CEC that if "Mr. Ayers had no involvement in the August 5 Letter and there is someone else at Career Education who can testify, please inform me of who that person is, and I will be happy to amend the Subpoena accordingly." (*See* McMorrow Decl., Ex. F). CEC even asked that Plaintiff agree to move the hearing to October 22, as both Mr. Ayers and his suggested replacement (Terance Gonsalves) are planning to be travelling on Friday. (*See* McMorrow Decl., Ex. G) Before Plaintiff could respond to that request, however,[1] CEC filed this Motion.

---

[1] Plaintiff is amenable to continuing Friday's evidentiary hearing to another date to accommodate the schedules of Mr. Gonsalves, Mr. Wilson, and Mr. Murphy, and has no objection to such continuance, should the Court concur.

4

Finally, CEC broadly states that the subpoenas to Messrs Murphy and Wilson "would require the witnesses to divulge material protected by the attorney-client privilege or the work product doctrine," (Mot. at 3), and cites only "Rule 45" as authority. *Id*. The party seeking to invoke a privilege has the burden of establishing all of its essential elements. *United States v. First State Bank,* 691 F.2d 332, 335 (7th Cir. 1982). The claim of privilege must be made and sustained[2] on a question-by-question or document-by-document basis, and a blanket claim of privilege is unacceptable. *Id.* CEC makes no attempt to identify what information is privileged or why; its broad, vague and unsubstantiated statements as to the applicability of privilege utterly fail to meet the standards of asserting either such privilege.

## CONCLUSION

For the reasons discussed above, Plaintiff Sheila Fahey respectfully requests that the Court deny CEC's Motion to Quash and continue this Friday's hearing to a mutually-agreeable date, and award such other and further relief as the Court deems equitable and just.

Dated: October 13, 2010              Respectfully submitted,

**SHEILA FAHEY**

 /s/ Michael J. McMorrow
One of her attorneys

Michael J. McMorrow
Ryan D. Andrews
EDELSON MCGUIRE, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Tel.: (312) 589-6470
Fax: (312) 589-6378

---

[2] The attorney-client privilege can be waived in several ways, even if applicable. See, e.g., *United States v. BDO Seidman, LLP*, 492 F.3d 806, 818 (7th Cir. 2007) (discussing crime-fraud exception); *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316, 324 (N.D. Ill. 2008) (discussing "at issue" waiver). The "at issue" waiver would be particularly relevant to any assertion of the attorney client privilege here.

5

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused to be served and filed Plaintiff's ***Response in Opposition to Defendant's Motion to Strike Evidentiary Hearing and to Quash Subpoenas*** electronically with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished via ECF this **October 13, 2010**, on all counsel appearing of record in this matter.

/s/ Michael J. McMorrow