## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SHEILA FAHEY, individually and on behalf
of a class of similarly situated individuals,,

                Plaintiff,

      v.

CAREER EDUCATION CORPORATION,
a Delaware corporation,

                Defendant.

Case No.:  10 CV 05635

Judge James B. Zagel

Magistrate Judge Young B. Kim

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff's claims under the Telephone Consumer Protection Act must be dismissed as a matter of law because they are moot. Prior to moving for class certification, Plaintiff received a settlement offer from Career Education which provides all of the relief she could obtain if she were to fully prevail at trial. Accordingly, there is no case or controversy for the court to consider. This court has already dismissed a nearly identical class action under the TCPA and considered an identical offer of settlement under nearly identical procedural circumstances. *Damasco v. Clearwire Corporation*, 2010 U.S. Dist. LEXIS 91151 (N.D. Ill. September 2, 2010). The same law and facts apply here.

## INTRODUCTION

Plaintiff filed this putative class action in the Circuit Court of Cook County on August 4, 2010 on behalf of herself and a putative class of "all persons ... who received one or more unauthorized text message advertisements on behalf of CEC [Career Education Corporation]."

(Plaintiff's Complaint at ¶17).[1]  Specifically, Plaintiff alleges that on August 27, 2008, Career

Education sent a text message to her cell phone advertising educational opportunities at Career

Education.  Plaintiff alleges that she did not consent to receive such messages.  (Compl. at ¶16).

Plaintiff claims the text message sent to her cell phone violated the Telephone Consumer

Protection Act ("TCPA"), 27 U.S.C. §227 (b)(1)(A)(iii), which provides a private right of action

for a violation of the Act and for recovery of either actual damages or statutory damages of $500.

These statutory damages may be trebled to $1,500 per violation if the plaintiff can prove the

defendant willfully or knowingly violated the TCPA.  27 U.S.C. §227 (b)(3).  The TCPA also

allows for injunctive relief to enjoin future violations.  27 U.S.C. §227(b)(3)(A).

On August 5, 2010, counsel for Career Education made a settlement offer to Plaintiff in a

letter sent to Plaintiff's counsel (the "Settlement Offer") (Exhibit B).  The Settlement Offer

provided to Plaintiff all the relief she could obtain if she were to prevail at trial.  Career

Education offered her $1500 for each text message she could demonstrate that she received and

injunctive relief barring future text messages in violation of the TCPA.  At the time of this

Settlement Offer, plaintiff had not filed her motion for class certification.  Shortly after Career

Education extended the Settlement Offer, plaintiff filed a motion for class certification in the

Circuit Court of Cook County.[2]

On August 19, 2010, the Plaintiff's counsel sent a letter to counsel for Career Education

purporting to accept the Settlement Offer.  Plaintiff's counsel also attached a "Proposed

Injunction" for which they sought Career Education's agreement to enter.  (A copy of this letter

and attachment is attached as Exhibit C.)  Despite discussions over the following weeks, the

parties could not agree, however, on the appropriate scope of injunctive relief.  Specifically,

---

[1] A copy of Plaintiff's Complaint is attached as Exhibit A, which will be referred to as "Compl." hereafter.
[2] On September 3, 2010, Career Education removed this case to this Court pursuant to 28 U.S.C. §1331.

although Career Education was willing to enter into an agreed injunction mandating future compliance with the TCPA, the plaintiffs wanted a broader injunction prohibiting any text messages even those addressing emergency safety or health issues affecting Career Education's students.

This Court held an evidentiary hearing on October 15, 2010 to determine whether a settlement had in fact been reached and if so, whether either side had breached that agreement. After that hearing, the Court determined that no settlement had been reached and therefore the question of whether any breach had occurred was moot. (See Transcript of Hearings, dated October 15, 2010, attached as Exhibit D).

The Court did not, however, address whether the Settlement Offer was capable of providing all of the relief which the Plaintiff could obtain at trial. Because Career Education offered Plaintiff $1500 for each text message she had received and further agreed to enter into a injunction, the answer to that question is clear: Career Education's offer provided all of the relief that could be obtained through these proceedings. Accordingly, there can be no further matter in controversy and Plaintiff's claim should be dismissed as a matter of law.

## ARGUMENT

1. **The U.S. Supreme Court's Decision in *Roper* and Three Seventh Circuit Decisions Squarely Establish That a Settlement Offer Made *Prior* to any Motion for Class Certification Moots the Claim of the Named Plaintiff and Requires That the Case be Dismissed.**

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual "cases and controversies." U.S. Const. Art. III §2. When the issues a case presents are no longer "live" or the parties no longer have a cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). A plaintiff retains no personal interest in the outcome of litigation where

the defendant has offered complete relief for the plaintiff's claims. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). As the Seventh Circuit has explained: "You cannot persist in suing after you've won." *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999).

In *Damasco*, this Court reviewed the Seventh Circuit's rulings in *Holstein* and *Greisz* in connection with a Settlement Offer identical to the one provided by Career Education here. The court dismissed Damasco's claims stating:

> With regard to settlement offers, *Holstein* is still the law in this Circuit, and I am bound by it. For this reason, I find that Defendant's offer of complete relief moots Plaintiff's claim.

*Damasco*, 2010 U.S. Dist. LEXIS 91151 at 7. (A copy of this Court's Memorandum Opinion and Order is attached as Exhibit E.)

In the class action context, the issue of whether a complete settlement offer to the named plaintiff moots the claim, and strips the court of jurisdiction, depends on the timing of the offer. If the offer precedes the plaintiff's motion for class certification, the offer is timely. *Id.* This Court's ruling in *Damasco* is fully consistent with the Supreme Court's decision in *Deposit Guaranty National Bank, Jackson, Miss v. Roper*, 445 U.S. 326 (1980), and three Seventh Circuit decisions following it which squarely hold that a settlement offer made to a named plaintiff in a putative class action, which is made prior to any motion for class certification and which completely satisfies the claim of the plaintiff, moots the claim and requires dismissal of the action.

> a. **Three Seventh Circuit Decisions Hold That a Settlement Offer Made Prior to Class Certification Moots the Claim of a Named Plaintiff.**

The Seventh Circuit has held in at least three decisions that, in the class action context, the issue of whether a complete settlement offer to the named plaintiff moots the claim

depends on its timing: offers received before a motion for class certification is filed moot the case, but offers received after the motion has been filed do not. *Holstein*, 29 F.3d at 1147; *Greisz*, 176 F.3d at 1015; *Weismueller v. Kosobucki*, 513 F.3d 784 (7th Cir. 2008).

In *Holstein* the two named plaintiffs, Grove and Holstein, were issued parking tickets and had their cars towed by the City of Chicago. *Holstein*, 29 F.3d at 1146. Grove and Holstein filed a class action lawsuit, on behalf of themselves and others similarly situated, alleging that the Municipal Code was unconstitutional and they sought a refund of the towing/storage fees. Before the named plaintiffs moved to certify the class, the City of Chicago dismissed Grove's parking ticket and offered to fully refund his towing/storage fees. *Id.* The trial court dismissed Grove's complaint on the basis of a lack of subject matter jurisdiction. *Id.* at 1147. The Seventh Circuit affirmed, holding that because Grove had not moved to certify the class before he was offered full restitution, his personal stake had evaporated and the trial court lacked jurisdiction over the claim. *Id.*

The Seventh Circuit reached an identical conclusion in *Greisz v. Household Bank*, 176 F.3d at 1015. In *Greisz*, the named plaintiff filed a class action lawsuit arising out of Truth in Lending Act and Consumer Fraud Act. The defendant bank made a Rule 68 offer of judgment *after* the trial court denied the motion to certify the class. *Id.* at 1015. In addressing the issue of mootness, the Seventh Circuit made an important distinction between Rule 68 offers of judgment and pre-certification motion settlement offers. The court held that the outcome of the case would have been different had the defendant made a *"settlement offer"* before the trial court decided the motion to certify. The Seventh Circuit explained:

> We would have a different case if the bank had tried to buy off Greisz with a settlement offer greater than her claim before the judge decided whether to certify the class. For then [the attorney] would have had to find another named plaintiff to keep the suit

alive, and if the defendants had bought off *that* plaintiff as well and had repeated this tactic as [the attorney] scrounged for a class representative, they might have hamstrung the suit. The tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit, **unless the offer comes before class certification is sought, and so before the existence of other potential plaintiffs has been announced**.

*Id.* at 1015 (internal citations omitted)(italics in original)(bold emphasis supplied).

The Seventh Circuit's ruling in *Greisz* was clear: when a full settlement offer is tendered before a motion to certify the class is filed, the named plaintiff's claim is rendered moot and the trial court lacks subject matter jurisdiction. *Id.*

Similarly, in *Wiesmueller v. Kosobucki*, the Seventh Circuit held that if the plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because only the plaintiff has a legally protectable interest in the lawsuit. *Wiesmueller*, 513 F.3d at 786. While the defendant may "lose the preclusive effect of subsequent suits against him," it saves the added expense of defending a class action. *Id*. at 787. Indeed, as the Seventh Circuit expressly noted, the defendant "may be content to oppose members of the class one by one, as it were, by moving for summary judgment every time he is sued, before the judge presiding over the suit decides whether to certify it as a class action." *Id.*

          **b.**    **Northern District Decisions Holding Settlement Offer Moots Claim.**

In addition to this Court's decision in *Damasco*, several other judges in the Northern District of Illinois have followed the Seventh Circuit's holding and dismissed cases where a full offer of settlement had been extended prior to Plaintiffs' motion for class certification. In *Ptasinska v. United States Department of State*, the named plaintiff, on behalf of herself and others similarly situated, filed a class action lawsuit arising out of the denial of her 1-

485 immigration application. 2008 U.S. Dist. LEXIS 7355 at *2. Before she moved to certify the class, the Department of State accepted her 1-485 immigration application. *Id*, at *9. The Department of State moved to dismiss arguing that the named plaintiff's claims were moot. Judge Kocoras granted the motion to dismiss, concluding that the U.S. Supreme Court's decision in Roper stood for the proposition that a defendant was permitted to settle with a named plaintiff providing that plaintiff had not yet applied for class certification. *Id*. at *3 (citing *Deposit Guaranty National Bank, Jackson, Miss v. Roper*). Because Ptasinska had not moved to certify the class before the Department of State offered her the relief she sought, Judge Kocoras held that her claim was moot. *Id*.

Similarly, in *White v. Humana Health Care*, Judge Leinenweber dismissed a class action complaint because the defendant offered to make the named plaintiff whole before plaintiff had filed a motion for class certification. *White*, at *17-19. In *White*, the named plaintiff, individually and on behalf of a class of similarly situated persons, brought a class action lawsuit under ERISA. Shortly after the lawsuit was filed, and prior to the filing of a motion for class certification, the defendant offered the plaintiff all of the damages he sought in his complaint. *Id*. Judge Leinenweber dismissed the case for lack of subject matter jurisdiction. Judge Leinenweber noted that a named plaintiff could avoid mootness by filing a motion for class certification immediately upon filing his complaint. *Id*. at 19. The Court stated, however, that because the defendant's "offer fully satisfied plaintiffs' requested relief and it was made before plaintiffs had filed a motion for class certification, this case is moot." *Id*.

Finally, in *Baker v. N.P.F. Liquors, Inc.*, No. 08-CV 3494 (N.D. Ill Dec. 30, 2008), Judge Grady dismissed the claims of a plaintiff in a putative class action holding that a settlement offer made prior to a motion for class certification which fully satisfied the plaintiff's claims rendered

them moot and mandated the dismissal of the complaint. *Id.* Judge Grady stated in his decision: "Read together, *Greisz* and *Holstein* strongly indicate that an offer of complete relief moots the plaintiff's case if it is made before the plaintiff moves to certify a class." *Baker*, slip op. at p. 8.

In each of these cases, the court held, as this court did in *Damasco*, that where the defendant had extended a full settlement offer prior to plaintiff's filing of a motion for class certification, the plaintiff's claims were moot and the case should be dismissed for lack of standing. The identical logic must apply here as well.

## CONCLUSION

The Settlement Offer made to the Plaintiff on August 5, 2010 fully satisfied her claims and provided Plaintiff with all the relief she could have obtained were she to prevail in this action. As the Seventh Circuit noted in *Greisz*, "You cannot persist in suing after you've won." 176 F.3d at 1015. Career Education extended its Settlement Offer prior to Plaintiff's motion for class certification. Plaintiff's claims are moot. Accordingly, she lacks standing to pursue this action and her claims should be dismissed with prejudice.

Date: November 22, 2010

**CAREER EDUCATION CORPORATION**


By: s/ Christopher B. Wilson
One of its Attorneys


Christopher B. Wilson, ARDC # 06202139
cwilson@perkinscoie.com
Perkins Coie LLP
131 S. Dearborn, Suite 1700
Chicago, IL  60603
Tel:  (312) 324-8400
Fax:  (312) 324-9400

## CERTIFICATE OF SERVICE

I, Christopher B. Wilson, certify that on November 22, 2010, I caused the foregoing

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**

**DISMISS** to be filed/served via the Court's ECF/CM system on the counsel of record listed

below:

| | |
|---|---|
| Michael J. McMorrow | mjmcmorrow@edelson.com |
| Ryan D. Andrews | randrews@edelson.com |
| Jay Edelson | jedelson@kamberedelson.com |

s/ Christopher B.  Wilson
One of the attorneys for Defendant
Career Education Corporation