Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5635 | **DATE** | February 15, 2011 |
| **CASE TITLE** | FAHEY v. CAREER EDUCATION CORPORATION | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [D.E. 31] is ENTERED and CONTINUED.  This case is STAYED pending resolution of the appeal in *Damasco v. Clearwire Corp.*, No. 10-cv-3063, (N.D. Ill. 2010), *appeal docketed*, No. 10-3934 (7th Cir. Dec. 22, 2010).

# STATEMENT

  Plaintiffs brought claims under the Telephone Consumer Protection Act, 27 U.S.C. § 227, for Defendant's alleged unconsented text message advertisements.  Prior to Plaintiff filing a motion for class certification, Defendant sent a settlement offer to Plaintiff purporting to be for the maximum amount of damages recoverable under the law and for Plaintiffs' requested injunction.  Plaintiff accepted the offer, but in the course of determining the precise scope of the injunction the parties became deadlocked.  The dispute resulted in a motion hearing in which I held that there was no meeting of the minds with regards to the settlement offer and acceptance.  *See* [D.E. 30].

  Defendant asserts that its offer was for complete relief, which would, under these circumstances, moot the case.  *See Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (City's admission that tows were improper and offer to refund all of plaintiff's money, made prior to motion for class certification, mooted case where Plaintiff sought to challenge city's post-tow dispute procedures).  Defendant thereafter moved to dismiss for lack of subject matter jurisdiction because there was no longer a "case" or "controvers[y]."  *See* U.S. Const. art III.  Their specific argument is that the case became moot at the moment they offered the purported complete relief to the Defendant.

  This issue has come before me recently, in a case involving different parties but involving essentially the same factual allegations and a settlement offer that both parties agree is "identical" (likely because counsel on both sides were the same in the previous case as in this one).  *See generally Damasco v. Clearwire*

## STATEMENT

*Corp.*, No. 10-cv-3063, (N.D. Ill. 2010), *appeal docketed*, No. 10-3934 (7th Cir. Dec. 22, 2010). On a motion to dismiss in *Damasco*, I made two key holdings. First, I interpreted the offer and determined that it was sufficiently definite and that it indeed afforded complete relief. *See Damasco v. Clearwire Corp.*, 2010 U.S. Dist. LEXIS 91151 at *12 (N.D. Ill. Sept. 2, 2010). Second, I determined that *Holstein* still governed pre-class motion settlement offers, and that therefore the case was moot. *See id.* at *29. In the course of making the latter determination, however, I noted that recent decisions, while not overruling *Holstein*, "may indicate an evolution in the Seventh Circuit's view on the issue of mootness." *See id.* Perhaps prompted by that statement, Plaintiff has filed their appeal in *Damasco*.

Until the Seventh Circuit rules in *Damasco*, ruling on the motion to dismiss here would be premature and I therefore order this case stayed pending that appeal. It has long been settled that "the power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court can issue a stay *sua sponte*. *See, e.g., Rogers v. Ameriprise Fin. Servs., Inc.*, 2008 U.S. Dist. LEXIS 89167 at *6 (N.D. Ill. Nov. 4, 2008). The power is to be wielded in the district court's discretion, but abuses of that discretion are only noted in cases where stays "are of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255. A court considering a stay must "weigh competing interests and maintain an even balance" of those interests. *Id.*

The Seventh Circuit's ruling in *Damasco* may be dispositive of this case, which would of course preserve judicial resources. I recognize that this will come at the cost of delaying potential relief of Plaintiffs (or vindication of Defendant), but it could also save the parties substantial effort if this case progressed but then had its legal foundations shaken by a new pronouncement of the Court of the Appeals. Further, given the nature of this case there is very little chance of key evidence or witnesses spoiling or disappearing. Again, given the nature of the case, its delay will not work substantial practical difficulty on the day-to-day life of either Plaintiffs, Defendants, or their counsel.